D'ORLU *v.* BANKERS' & MERCHANTS' MUT. LIFE ASS'N OF UNITED STATES *et al.*

*(Circuit Court, N. D. California.  February, 1891.)*

INSURANCE—PREMIUM—FORFEITURE—TENDER.
  Under Civil Code Cal. § 2611, which provides that an insurance policy may declare that a violation of specified provisions thereof may avoid it, a tender of the premium, together with all other sums due on the policy, will not prevent a forfeiture of the policy for a previous failure to pay the premium when due.

At Law.
*Carrol Cook* and *J. E. Toulds*, for complainant.
*Haggin & Van Ness*, for defendants.

HAWLEY, J., (*orally.*)   This is an action to recover the sum of $10,000 alleged to be due upon a certificate of membership or policy of life insurance, issued by defendant on January 20, 1886, to one Robert Roy, and made payable upon his death to the plaintiff.   This policy, among other things, provides "that all expenses essential to the conduct of the business of the association should be paid from the amounts received as admission fees and annual dues."   It is alleged in the complaint that on the 20th day of January, 1889, there was, by the terms of the certificate, the sum of $30 payable to the defendant association, which sum was not paid when due; but that, within a few days from said 20th of January, the said sum was tendered to the defendant association on behalf of complainant, as also were all other sums payable by the terms thereof up to the time of the death of said Robert Roy; but

that each and all of said payments were refused by the defendant upon the ground that said policy of insurance had been forfeited by the non-payment of said sum of $30 on said 20th day of January. The defend-ant demurs to this complaint upon the ground that upon the facts stated therein it affirmatively appears that plaintiff is not entitled to the relief prayed for. Did the non-payment of the premium due on the 20th of January, 1889, operate as a forfeiture of the certificate of membership? The authorities bearing upon this subject, both state and national, are uniform, and substantially to the effect that the time of payment of the premium, as provided in'the policy, is of the essence of the contract of insurance; and that the non-payment of the premium at the time desig-nated in the policy or certificate involves a forfeiture in all cases wherein it is so provided by the express terms of the contract. *Insurance Co.* v. *Statham,* 93 U. S. 24; *Klein* v. *Insurance Co.,* 104 U. S. 88; *Thompson* v. *Insurance Co.,* Id. 252; *Insurance Co.* v. *Pruett,* 74 Ala. 487; *Robert-son* v. *Insurance Co.,* 88 N. Y. 541; *Gaterman* v. *Insurance Co.,* 1 Mo. App. 300. Plaintiff's' counsel admit that in the absence of any statu-tory provisions the case would fall within the general rule. But it is claimed that, notwithstanding the express terms of the certificate or pol-icy of insurance, no forfeiture occurred, for the reason that it is alleged that a tender of all sums due was made within a reasonable time after the premium became due. This contention is sought to be maintained upon the theory that section 2076 of the Code of Civil Procedure and sec-tions 3275, 3281, and 3302 of the Civil Code of this state apply to this case, and take it out of the general rule. These sections relate to general provisions upon the subjects named, and are intended to cover all cases of the character therein referred to not otherwise especially provided for. Sec-tion 2611 of the Civil Code, relating to the subject of insurance, expressly provides that "a policy may declare that a violation of specified provisions thereof shall avoid it; otherwise the breach of an 'immaterial provision does not avoid the policy." It is therefore apparent that the general pro-visions relied upon by plaintiffs have no application to this case. Plain-tiff also claims that the "Act to regulate the forfeiture of policies of life insurance," approved February 2, 1872, prohibits the forfeiture of insur-ance policies for non-payment of premiums. This act, however, was ex-pressly repealed by the provisions of "An act to amend the Civil Code, and to repeal certain acts relative to insurance," approved April 1, 1878, (amendment to Codes 1877–78, p. 82.) To construe this policy as if the forfeiting clause was not contained in it would be to make a new and substantially different contract for the parties, which the courts are not at liberty to do. There are no facts alleged in the complaint, and no stat-ute of this state to which my attention has been called, that brings this case within any of the exceptions to the general rule. The demurrer to the complaint must be sustained. It is so ordered.