GERMANIA MUTUAL AID ASSOCIATION, Appellant,

v.

Clinton E. TROTTI et al., Appellees.

No. 10615.

Court of Civil Appeals of Texas.

Austin.

Dec. 3, 1958.

Richard Spinn, Brenham, for appellant.

Joe H. Tonahill, John H. Seale, Floyd W. Addington, Jasper, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment of the trial court in favor of appellees for $970 growing out of the issuance of an insurance policy issued to E. Phelps, as insured, covering fire, windstorm, lightning, hail and gas explosion. A loss was sustained for a hailstorm damage to a house on October 4, 1956.

Plaintiff's first amended original petition alleged that the policy was issued in the name of E. Phelps for the benefit of all parties, and that the sole ownership clause was waived by appellant, and that the insurance company ratified the action of its agents by the collection of premiums for over three years.

The appeal is based on six points to the effect that the court erred in overruling exceptions to the petition because only E. Phelps is named as insured in the policy sued on, and was not the sole owner of the property, which fact constituted a violation of the terms of the policy, and because such provisions could not be waived by the officers of the local chapter, because the by-laws do not give such power to local officers, and it was error to admit, over defendant's objections, evidence of an agreement to cover the interest of all plaintiffs, and error to render judgment because E. Phelps testified that he did not want to sue, and had no interest in the property and that the policy was against public policy and void since it was issued to Phelps who had no interest in the subject matter.

There is no question but that the policy was issued to E. Phelps and that Phelps had no interest in the property insured, and no question but that the officers of the local chapter knew that Phelps did not own the property. E. Phelp's wife was one of the five children of J. M. Trotti who was dead at the time the policy was issued.

We believe that the policy, although naming E. Phelps only, in fact covered

**920**

the interest of all of the appellees. The appellees believed and relied on the representations of the appellant's agents who had full knowledge of the ownership of the property and the full amount of premiums was paid to and accepted by the Association, and the insurance was for the benefit of all the owners.

46 C.J.S. Insurance § 1140, p. 20; Appleman, Insurance Law & Practice, 398; Shelton v. Providence Washington Ins. Co., Tex.Civ.App., 131 S.W.2d 330.

We believe in any event the sole and unconditional ownership clause of the policy was waived.

As has been stated, the agents were informed prior to the issuance of the policy of the true owners, and such agents informed certain of the owners that the policy would be issued in Phelp's name for the benefit of all the owners. Mr. Phelps had another policy with the Association and was a member of a local chapter thereof. Thereafter the policy was issued and premiums collected therefor for more than three years and then was cancelled a few days after the storm damage was had.

24-B Tex.Jur. 489, citing cases, among which is Continental Insurance Co. v. Cummings, 98 Tex. 115, 81 S.W. 705; National Fire Insurance Co. of Hartford v. Carter, Tex.Com.App.1924, 257 S.W. 531.

There is again no question but that the agents who took the application and who had the conversation with some of the owners were the agents of the Association which issued the policy.

The general rule is that the knowledge of the agent is imputed to the principal and therefore binds the principal.

Wagner v. Westchester Fire Insurance Co., 1899, 92 Tex. 549, 50 S.W. 569.

We do not believe that appellant by its by-laws expressly prohibiting any waiver by an agent permits the Association to escape liability.

Adams v. Lasalle Life Ins. Co., Tex. Civ.App., 99 S.W.2d 386, writ dism.; St. Paul Fire & Marine Ins. Co. v. Kitchen, Tex.Com.App.1924, 271 S.W. 893.

Appellant directs our attention to Article 16.13 of the Insurance Code, V.A.T.S., authorizing Farm Mutual Companies to provide against waiver by agents of any local chapter and cites Texas Digest, Insurance, Insurance § 228, p. 945.

We have not found a case construing this Article but the case of Farmers Mutual Insurance Association of Erath County v. Gilbreath, Tex.Civ.App., 270 S.W.2d 696, er. ref. N.R.E., holds that a County Mutual, which had a charter, constitution and by-laws limiting it to the issuance of policies covering property located in Erath County, which issued a policy covering property in Comanche County, liable because of representations of an agent that the policy could and would cover the insured's property by estoppel. The case is very complete and we do not copy therefrom.

Farm Mutuals are governed by Chapter 16 of the Code, and County Mutuals are governed by Chapter 17 of the Code. A reading of these chapters indicates a great similarity between them.

Since we have concluded the company was estopped to deny liability, we hold that it was not error for the court to admit parol evidence to show an independent agreement made as an inducement to the written contract.

New York Life Ins. Co. v. Thomas, 47 Tex.Civ.App., 149, 104 S.W. 1074.

The judgment of the Trial Court is affirmed.

Affirmed.

HUGHES, J., not sitting.