**OLD COLONY INSURANCE COMPANY,**
Appellant,

v.

**S. D. MESSER, Appellee.**

No. 6274.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 17, 1959.

Rehearing Denied Oct. 7, 1959.

.Strong, Moore, Pipkin, Strong & Nelson, Gordon R. Pate, Beaumont, for appellant.

John H. Seale, Joe H. Tonahill, Floyd W. Addington, Jasper, for appellee.

ANDERSON, Chief Justice.

The insurer has appealed from a judgment in favor of Inez Goldman on a policy of fire insurance in which S. D. Messer was named as the insured. Messer instituted the suit as sole plaintiff. Before trial, however, he and Mrs. Goldman joined as plaintiffs and represented in their joint petition that Mrs. Goldman was equitably entitled to the benefits of the policy of insurance. Upon a jury's verdict it was decreed that Messer take nothing, but that Mrs. Goldman recover of the insurance company the sum of two thousand dollars, the face value of the policy.

Mr. Messer procured the policy of insurance and paid the premium on it, but he at no time had an insurable interest in the insured property, a dwelling house which at pertinent times was owned, subject to one or more liens, by Inez Goldman and her husband, Clyde Goldman, as a part of their community estate. Mrs. Goldman was employed by Mr. Messer as housekeeper at the time the policy of insurance was issued. She and her husband had theretofore separated and were subsequently divorced. The insurance claim, loss having already occurred, was awarded to Mrs. Goldman in the divorce proceedings.

In their joint petition, the plaintiffs represented that the policy of insurance was procured and issued for the use and benefit of the Goldmans. They also pled that the insurance company had waived certain provisions of the policy and was estopped to deny the policy's validity, having issued the policy and accepted the premium on it with knowledge that the Goldmans owned the insured house and that Messer had no interest in it. The plaintiffs neither sought reformation of the contract nor alleged facts that would warrant reformation of it. The defendant answered by general denial, by sworn denial that the person with whom Messer dealt in procuring the policy was its agent, and by other special pleas. It pled Messer's lack of an insurable interest in the insured property and that the policy was therefore void. It also pled the following provision of the policy in bar: "This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed * * * any material fact or circumstance concerning this insurance, or the subject thereof, or the interest of the insured therein." " * * * liability hereunder shall not exceed the actual cash value of the property at the time of loss * * *; nor shall it exceed the interest of the insured * * *."

The jury found, in substance and among other things: that S. D. Messer applied to Gene McCartney for the policy of insurance; that McCartney was acting as the

defendant's agent when he "took" Messer's application; that the defendant ratified and acquiesced in McCartney's actions and representations regarding the policy of insurance; that Messer informed McCartney that the Goldmans were the owners of the property described in the policy; that McCartney represented to Messer that the Goldman house could and would be insured by issuing the policy of insurance in Messer's name; that Messer believed and relied upon such representations; that Messer's said reliance resulted in "plaintiffs not obtaining other insurance"; that Messer procured the policy of insurance for Mrs. Goldman's benefit. The jury failed to find from a preponderance of the evidence: that Messer was acting as Mrs. Goldman's agent in procuring the policy; that Messer willfully concealed any material fact concerning the insurance or the subject thereof or interest of the insured therein in procuring the policy of insurance; that Gene McCartney was acting as an agent of Mrs. Goldman and S. D. Messer in procuring the policy of insurance. The special issues by which those questions were posed were all answered in the negative.

The findings of the jury are not attacked on appeal and will therefore be treated as supported by the evidence and as binding this court. We accordingly overrule appellant's first point, by which it is urged that the trial court erred in rendering judgment in favor of Mrs. Goldman, there having been no reformation of the policy of insurance to show that Mrs. Goldman was the insured. The law is well established that one for whose benefit a contract is made may enforce the contract. 10A Tex.Jur., Contracts, secs. 289–291. Policies of fire insurance are no exception to the rule. See, for its necessary implications in this respect, Germania Mutual Aid Ass'n v. Trotti, Tex.Civ.App., 318 S.W.2d 918. The jury's failure to find that in procuring the policy Mr. Messer acted as agent for Mrs. Goldman does not render the rule inapplicable. 10A Tex.Jur., Contracts, secs. 289–291. Nor do the quoted provisions of the policy relative to ownership render the rule inapplicable or defeat Mrs. Goldman's right of recovery. The defendant waived them, by issuing the policy to Messer and accepting the premium on it after having been informed by Messer that the Goldmans owned the property and that he himself had no interest in it. Continental Insurance Co. v. Cummings, 98 Tex. 115, 81 S.W. 705; Wagner v. Westchester Fire Ins. Co., 92 Tex. 549, 50 S.W. 569; National Fire Ins. Co. v. Carter, Tex.Com.App., 257 S.W. 531; Germania Mutual Aid Ass'n v. Trotti, Tex. Civ.App., 318 S.W.2d 918. The defendant was charged with the knowledge of its agent, McCartney, as to the ownership of the property. Adams v. Lasalle Life Ins. Co., Tex.Civ.App., 99 S.W.2d 386. The case of St. Paul Fire & Marine Ins. Co. v. Culwell, Tex.Com.App., 62 S.W.2d 100, cited by appellant, is not in point on the facts. The true ownership of the insured property had not in that instance been disclosed to the insurance company before the policy of insurance was issued.

By its second point, appellant urges that the trial court erred "in permitting S. D. Messer to testify over appellant's objections to the conversation had between him and Gene McCartney, because the statements made by Gene McCartney were hearsay as to appellant." But it has failed in its brief to point out the evidence that is complained of, unless by referring to five different pages of the statement of facts where objections are to be found. We hardly think this sufficient to require discussion of the point of error. However, we have examined the statement of facts and are of the opinion that no reversible error was committed by permitting Messer to testify as he did. In view of the jury's unchallenged finding that McCartney was the defendant's agent, we think McCartney's statements were admissible. But if we should be in error in that view, the statements were harmless. It was not what McCartney told Messer, but what Messer

told McCartney, that was of importance in this instance. The point of error is overruled.

■ By its third and last point, appellant complains of argument that was made to the jury by appellee's attorney. Special issues 14 through 17 were referred to as "defensive issues" and as "scatter-blast issues of the defendants." The argument was improper, but, the record as a whole considered, we are not of the opinion that it probably resulted in an improper verdict and judgment. We would therefore not be justified in reversing the judgment because of it. Rule 434, Texas Rules of Civil Procedure. The jury could hardly have been unaware that the mentioned special issues pertained to the defendant's theory of the case. See 41B Tex.Jur., Trial-Civil Cases, sec. 561, p. 762.

No reversible error having been presented, the judgment of the trial court is affirmed.