**REPUBLIC INSURANCE COMPANY,**
**Appellant,**

v.

**SILVERTON ELEVATORS, INC., and**
**Carl L. Tidwell, Appellees.**

**No. 8240.**

Court of Civil Appeals of Texas,
Amarillo.

Feb. 14, 1972.

Rehearing Denied March 13, 1972.

Evans, Pharr, Trout & Jones, John A. Flygare, Lubbock, for appellant.

Gibbins & Spivey, Bob Gibbins, Austin, for appellees.

REYNOLDS, Justice.

This appeal evolves from a suit on a policy of insurance to recover the policy amount payable for the destruction of household goods. The suit terminated in a judgment against appellant Republic Insurance Company, the insurer, in favor of appellee Silverton Elevators, Inc., the policy named insured, for the use and benefit of appellee Carl L. Tidwell, the owner of the destroyed household goods. Affirmed.

Republic Insurance Company vested in William J. Strange, a Silverton, Texas, banker, who owned the William J. Strange Agency, the authority to solicit insurance, accept applications therefor, issue policies and renewals thereof without prior con-sent, but subject to later approval, and col-lect premiums therefor. In this capacity, Strange, through his insurance agency, had issued Republic Insurance Company's Texas Standard Fire Policy, including ex-tended coverage, to Silverton Elevators, Inc., insuring a dwelling owned by that corporation. Subsequently, Strange re-newed the policy, naming only Silverton Elevators, Inc., as the insured and insuring the dwelling for $7,000.00 and "household goods" for $3,000.00. The policy provided that "(i)nsurance on household goods shall include all personal property, usual to a

residence, of the insured and his family," and that the personal property would be covered only while in the described dwelling. At the time the renewed policy made the basis of this suit was issued, the insured dwelling was furnished to and occupied by Carl L. Tidwell, an employee of Silverton Elevators, Inc., as part of his compensation, and the employer had agreed to insure Tidwell's household goods situated in the dwelling when the policy theretofore existing on the building was renewed. The renewal was approved by Republic Insurance Company. At the time of the renewal, Strange knew that the household goods in the insured dwelling were owned by Tidwell and not by Silverton Elevators, Inc., but he did not convey this information to any employee of appellant. He testified that he insured Tidwell's household goods in the name of Silverton Elevators, Inc., because "I didn't think that it made any difference in it" since Silverton Elevators, Inc., was "paying the premium and I didn't see that it made any difference in it."

While the renewed policy was in force, a tornado destroyed both the dwelling and Tidwell's household goods of a value in excess of $3,000.00 situated therein. Strange then advised Tidwell that the household goods were covered under the policy. Republic Insurance Company paid Silverton Elevators, Inc., the amount due under the policy for the loss of the dwelling, but denied the claim for the loss of Tidwell's household goods on the ground that Silverton Elevators, Inc., claimed no ownership of the personal property and Tidwell was not an insured under the policy. This suit resulted and a jury-waived trial was held before the court. After the hearing, the trial court entered judgment decreeing that Silverton Elevators, Inc., recover of and from Republic Insurance Company the sum of $3,000.00, with 6% interest thereon, for the use and benefit of Carl L. Tidwell.

In support of its defenses of non-liability for loss of Tidwell's personal property under the policy, appellant urges seven points of error in the rendition of judgment against it. The first two points are to the effect that the judgment reformed the policy to constitute Tidwell an insured thereunder on pleadings of only waiver and estoppel which will not support reformation. Points three through six are directed to the propositions that Silverton Elevators, Inc., had no insurable interest in the household goods and Tidwell was neither an insured nor pleaded to be a third party beneficiary under the policy. The seventh point is that Tidwell's testimony that he told Strange the household goods were owned by him was improperly admitted to vary the terms of the written insurance policy. In a single reply point, appellees contend that appellant waived the ownership provision of the policy and is thereby estopped to deny liability because of appellant's agent's knowledge of the true ownership of the household goods.

■ There is no challenge to the fact that Strange had the authority to issue the Republic Insurance Company policy that he issued. Appellant approved the policy. It is not controverted that Strange knew that Tidwell, and not Silverton Elevators, Inc., was the true owner of the household goods in the insured dwelling when the renewal policy was issued and the premium was received therefor, and that the policy did not truly state Tidwell's interest. By his authority, Strange stood in the place of Republic Insurance Company itself, and his knowledge was imputed to and binding on the company. Morrison v. Insurance Company of North America, 69 Tex. 353, 6 S.W. 605 (1887). This knowledge operated as a waiver of the ownership condition. Continental Ins. Co. v. Cummings, 98 Tex. 115, 81 S.W. 705 (1904). Under such circumstances, our Supreme Court early held in The Liverpool and London and Globe Insurance Company v. Ende, 65 Tex. 118 (1885), that the insurance company waived the requirement that the named insured be the owner of the insured property, and is estopped from denying liability on that ground. The rule has been followed con-

sistently in Texas. Old Colony Ins. Co. v. Messer, 328 S.W.2d 335 (Tex.Civ.App.— Beaumont 1959, writ ref'd n.r.e.). The rationale for the rule is that an insurance company may not deliver a policy with full knowledge of facts upon which liability thereunder may be disputed, and then insist upon these facts in avoidance of the liability undertaken. Such course of action is an assertion that the policy is valid at time of delivery and is a waiver of the known ground of invalidity by which the insurer is estopped from defeating an action brought on the policy by that defense. Wagner v. Westchester Fire Ins. Co., 92 Tex. 549, 50 S.W. 569 (1899). These authorities demonstrate that appellant's points three through six must be, and they are, overruled.

 Appellant's first two points are without that merit required to disturb the judgment. Appellees did not seek a reformation of the policy of insurance, and we do not construe the judgment entered to have that effect. Appellees alleged the facts heretofore recited and pleaded waiver and estoppel. Since appellees prayed for general relief, they are entitled to judgment without reformation of the insurance policy if the facts alleged and proved authorized a judgment upon the policy. Wagner v. Westchester Fire Ins. Co., supra. Thus, appellees are entitled to the judgment rendered unless the fact that Silverton Elevators, Inc., did not own the household goods, and the fact that Tidwell, the actual owner, was not named as an insured in the policy deprive them of recovery. Previously we have held that the appellant is estopped to assert the waived provisions of the policy and, consequently, the facts alleged and proved authorized the judgment on the policy. The first two points are overruled.

In reference to appellant's seventh point, it is noted that Tidwell was permitted to testify, over objection, that prior to the issuance of the policy sued on he told Strange of his ownership of the household goods in the insured dwelling. It is also noted that Strange denied this testimony, but asserted, nevertheless, without objection, that he knew when the policy was renewed that Tidwell owned the household goods, and that they were not owned by Silverton Elevators, Inc. The issuing agent's knowledge, however acquired, was knowledge of the insurance company. The error, if any, in the admission of Tidwell's testimony was harmless. The last point is overruled.

The judgment of the trial court is affirmed.