Roberts, J.
—Can partners, after a levy of executions on partnership property, to satisfy a separate debt of one partner, dissolve the partnership, make a settlement of their joint effects, in which the debtor partner is paid over, for his share, an amount in property (other than that levied *61 on) greater than the amount of the executions, and thereby defeat the levies so made?
The judgment in this case is founded on the affirmative of this interrogatory proposition.
The verdict of the jury states that the property levied on belonged to the partnership, which was in existence at the time of the levy, and that “the partnership has been dissolved by Tinnin assuming all liabilities, taking the assets, and paying to Irvine (the execution-debtor) $600 in a house and lot.”
It was said by Lord Eldon that, “according to the old law, (I mean before Lord Mansfield’s time,) the sheriff, under an execution against partnership effects, took the undivided share of the debtor, without' reference to the- partnership account; but a court of equity would have set that right, by taking the account, and ascertaining what the sheriff ought to have sold.” (Waters v. Taylor, 2 Ves. & Beames, 300, 301.)
This proposition of Lord Eldon embraces the whole law upon the subject, so far as it is now necessary to be considered. It admits such a levy to be legal, and that it attaches upon whatever interest in the property the debtor has at the time of the levy, A court of equity interferes in the matter only to ascertain that interest, by an account, if necessary, between the partners, and to appropriate it to the payment of the debt. (Story on Part., § 263; 1 Story Eq., § 677.)
To have justified a perpetual injunction in this case, it should have been first found that Irvine’s interest in the partnership concern, at the time of the levy, amounted to nothing.
It is true, that the verdict does not sustain the special ground of defense against the injunction-suit, that the partnership was a sham pretense. It is equally true that the petition of Tinnin does not lay any foundation for a per *62 petual injunction, except by taking an account of the partnership, and ascertaining that Irvine’s interest therein amounted to nothing. The subsequent settlement of the partnership concerns, by Tinnin and Irvine, embraced in the issue submitted to the jury, and to which they responded in the 4th answer, as above quoted, was not averred in the petition or answer, or in any way brought before the court for adjudication by the pleadings of the parties.
The special issues found by the jury, which were within, and responsive to, the pleading, (the 4th being left out of. view,) may show that Tinnin had the right to bring the suit, not to defeat the levy altogether, but to ascertain Irvine’s interest; so that that alone, if any, may be subject to the executions. As against the execution-creditors, Irvine could not make a release, sale, or other disposition of his interest, if any he had, in the partnership effects, so as to defeat the lien, which they acquired by the levy at the, time it was made.
A subsequent settlement between them may be evidence ' that he did have an interest at that time, which.was subject to the levy, the ascertainment of which is the only legitimate foimdation of the suit on the part of Tinnin.
The laboring-oar is in his hands; he is seeking relief from the due and regular course of the law; and to defeat the levy entirely, he must call for an account, having relation to Irvine’s interest at the time of the levy, and must show that, then Irvine had no interest beyond that which would be absorbed by the then existing liabilities of the firm, and which must be shown by an actual liquidation' and closing settlement of the affairs of the firm, through the facilities and means furnished by and under the control of the court of equity itself.
The verdict is not only not responsive to the pleadings in some respects, but is also incomplete, considering the objects of the suit,—objects alone which authorize such *63 a suit—and, therefore, does not sustain the judgment rendered, nor ascertain facts in issue which authorize a disposition of the cause hy a final judgment here. The judgment must be reversed, and the cause remanded for new trial and further proceedings.
Reversed and remanded.