**SHEAR CO. v. WILSON. (No. 735—4671.)**

Commission of Appeals of Texas, Section B.
March 2, 1927.

1. **Husband and wife** &#9094;129(2)—**Where company knows stock belongs to wife and reissues it to husband, wife's conduct cannot estop her from asserting her rights, since there can be no deception when company knows facts.**

Where company knows that stock belongs to wife and reissues it to her husband without a transfer having been made by the joint signature of husband and wife, the wife's conduct cannot estop her from asserting her rights, since there is no deception where the company has full knowledge of all facts.

2. **Estoppel** &#9094;52—**There can be no estoppel in absence of deception.**

Estoppel is predicated upon the conception that the one pleading it has been misled by some conduct of another who seeks to assert a right inconsistent with such conduct, and there can be no estoppel without deception.

3. **Husband and wife** &#9094;45—**Company knowing stock reissued to husband belongs to wife is chargeable with knowledge that it was transferrable only by their joint signature.**

Company knowing that stock reissued to husband belongs to his wife is chargeable with knowledge that under the statutes such stock could not have been transferred to the husband except by the joint signature of both husband and wife.

4. **Corporations** &#9094;127—**Company reissuing stock to husband, knowing it belongs to wife, acts at its peril.**

Under statutes declaring that stock certificate belonging to wife may be transferred only by the joint signature of herself and husband, a company reissuing stock to husband, knowing that it belongs to wife, acts at its peril.

On motion for additional opinion. Motion overruled except as stated.

For former opinion, see 292 S. W. 531.

SPEER, J. [1] The plaintiff in error, the Shear Company, presents its motion "requesting the court to pass upon important and controlling issues herein raised and involved in this appeal, which said issues have not been disposed of in previous opinion of the court rendered herein or have been left in uncertainty as to the true intent and opinion of this court with respect thereto." Two matters are referred to and stated in the form of questions propounded to the court, but both relate to the issue of defendant in error Mrs. Wilson's conduct with respect to the certificate in controversy, as a basis for the plea of estoppel as for negligence or laches. The motion denominates this the "most important issue in the whole case from the standpoint of the plaintiff in error." In our original opinion it is stated:

"We agree with the conclusions reached by the Court of Civil Appeals through the concurring opinion of Chief Justice Gallagher and Justice Barcus. We too think that the controlling issues to be determined are whether the shares of stock in the Rotan Grocery Company, evidenced by certificate No. 112, were the separate property of Mrs. Wilson, and whether the corporation had knowledge or notice of such fact at the time it accepted the surrender of said certificate No. 112 and issued new certificates in lieu thereof in its changed corporate name, to C. W. Wilson. * * * A brief discussion of the general principles governing the rights of the parties will demonstrate the correctness of the view that, next to ownership, the issue of notice to the corporation is controlling. * * * There is no question of an innocent person's suffering or of estoppel. It is purely a question of the corporation's issuing Mrs. Wilson's stock to another, after notice that it belonged to her."

[2-4] It is thus apparent we were of the opinion the issue of estoppel against Mrs. Wilson was not raised in the case, and that the questions of ownership of the stock and notice to the company at the time it reissued the same to C. W. Wilson were the controlling issues. It could hardly be made plainer that we were of the opinion the issue of estoppel should not be submitted on another trial if the evidence should be the same as upon the former trial. The complaint of counsel for plaintiff in error finds its support more in their want of agreement with our conclusions than in any lack of understanding of our holding. Estoppel is always predicated upon the conception that one pleading it has been misled to his prejudice by some statement, act, or conduct of another who thereafter seeks to assert a right inconsistent with such statement, act, or conduct. The basis of estoppel is deception. There can be no estoppel in pais in the absence of deception. There can be no deception where the party pleading the estoppel had full knowledge of the truth of the matter. In this case, under the present record, upon findings that the stock certificate in controversy belonged separately to Mrs. Wilson and that at the time the Shear Company reissued it in the name of her husband it had notice of such fact, a judgment should be entered in Mrs. Wilson's favor for the value of the stock thus lost to her. As stated in our original opinion, there is no issue of estoppel in the case. If the company had notice that Mrs. Wilson was the owner of the stock certificate, it likewise knew as matter of law her right therein could only be transferred by the joint signature of herself and husband. The statutes so declare, and the corporation has no right to act upon any other evidence. It does so at its peril. What we have said makes clear that we think the issues stressed in the motion were disposed of

in our original opinion, and will not embarrass the court upon another trial.

Other than as here stated, we think the motion for additional opinion should be overruled.