**FARMERS MUTUAL INSURANCE ASSO-
CIATION OF ERATH COUNTY,**
Texas, Appellant,

v.

**N. B. GILBREATH, Appellee.**

No. 3080.

Court of Civil Appeals of Texas.

Eastland.

July 23, 1954.

Rehearing Denied Sept. 10, 1954.

Sam Russell, Stephenville, for appellant.

Joseph Chandler, Stephenville, for appellee.

COLLINS, Justice.

This suit was brought by N. B. Gilbreath against Farmers Mutual Insurance Association of Erath County, Texas, to recover $1,500 for the loss of his household goods under a fire insurance policy alleged to have been issued by defendant. The insurance association answered by a general denial and by a specific denial that it issued the policy of insurance. Defendant further alleged that under its charter, constitution and by-laws it was limited in the issuance of fire insurance policies covering farm homes, household furniture and farm equipment to property located in Erath County and to subscribers or policy holders residing in Erath County; that it was prohibited from insuring any household goods except within buildings upon which it also carried the insurance; that plaintiff was not entitled to recover because the alleged policy of insurance, even if issued, was in violation of the constitution and by-laws of the association and was, therefore, void and unenforceable in that plaintiff was not a resident of Erath County, his household goods were not located in Erath County but in Comanche County, and that such household goods were not within a dwelling insured by the association, but within a building insured by another and different insurance company.

Plaintiff Gilbreath, by supplemental petition, alleged that Ed Stringer, the agent of defendant association, which sold the policy, knew at the time he took the application for insurance that plaintiff resided in, and that his household goods were located in Comanche County; that he also knew that such household goods were within a house insured by another company; that the agent Stringer discussed these matters with plaintiff's wife and represented to her that since part of the farm was in Erath County and that the plaintiff got his mail from Dublin which was in Erath County, that

the association could write the insurance and accepted the application for insurance and a check in payment of the premium thereon; that Stringer also represented it was necessary for the application to be mailed to the president of the company and that the policy would be signed by the president and returned to Mr. and Mrs. Gilbreath as a policy of insurance covering such property; that the premium was paid and the policy purchased and received by plaintiff Gilbreath and his wife in reliance upon such representation. Plaintiff Gilbreath urged and contended in such pleading that defendant association was estopped from pleading that the contract of fire insurance was ultra vires.

· The trial was before a jury which found that (1) appellee's wife made an application for the insurance with Ed Stringer about March 31, 1948; (2) that Henry Clark, president of the company, signed the policy of insurance; (3) that about 30 days after the application appellee Gilbreath received the policy through the mail. The jury further found (4) that prior to March, 1948, appellant insurance association insured property situated outside Erath County; (5-6) that appellee Gilbreath believed and relied upon statements of Ed Stringer that his property situated outside Erath County, and situated in a house which was insured by another company could be insured by the association; (7) that the acts of the association prevented Gilbreath from obtaining other insurance on his property. Based upon the above findings by the jury, judgment was rendered for plaintiff for $1,500. The insurance company has appealed.

Appellant is shown to be a county mutual insurance association. The policy of insurance issued by appellant company provides, among other things, that "this association and the insured shall at all times be covered by the by-laws of this association." A copy of the charter of the association, its constitution and by-laws are set out on page three of the policy. It is provided by the charter that the subscribers "incorporate themselves into a voluntary association for the purpose of in-

suring the respective buildings and contents of buildings and livestock of its members in Erath County, Texas," and that the association "is formed for the purpose of mutually insuring the respective dwellings, buildings and contents of buildings and livestock of its members in Erath County, Texas, against loss by fire, wind and lightning by prorata assessment." Section 5 of the constitution provides that "the territory of this association shall be limited to Erath County * * *." Section 5 of the by-laws provides: "In no case shall household goods or farming utensils be insured except within buildings that are insured by this association."

It is provided in Section 7 of the by-laws that "no member shall, after insuring in this association, take out any additional insurance in any other company, nor shall the contents of any building be insured in any other company, without the consent of both the president and agent; such violation shall cancel liability in this association."

It is admitted that the house in which the household goods claimed to have been destroyed by fire were located was situated in Comanche County and not in Erath County and that such house was insured by another and different insurance company.

In points Nos. 1, 2, 3, and 4, it is contended by appellant that the court erred in overruling appellant's motion for an instructed verdict and in rendering judgment for appellee because the uncontroverted evidence showed that the policy was unenforceable in that plaintiff's household goods were located outside Erath County and were within a dwelling house insured by another company in violation of the constitution and by-laws of the appellant association. The effect of appellant's contention in this regard is that the association was without power to issue such a policy and that its act in doing so was ultra vires.

 From the provisions of appellant's charter, above quoted, it appears that although the purpose of the association was to mutually insure its members "in Erath

County" there was no specific limitation to that effect. Articles 17.16 and 16.07 of Vernon's Texas Insurance Code provide that such a mutual insurance company may write insurance in any county adjoining the county in and for which it was organized. The writing of insurance on property outside Erath County and in adjoining Comanche County by appellant association, even though it was contrary to the constitution and by-laws of the association, was not beyond the power of the association or ultra vires. 10 Tex.Jur., 894; Taylor Feed Pen Co. v. Taylor Nat. Bank, Tex.Com.App., 215 S.W. 850; Temple Lumber Co. v. Miller, Tex.Civ.App., 169 S.W.2d 256 (Err. Ref.); Religious Films v. Potts, Tex.Civ. App., 197 S.W.2d 592.

In appellant's points Nos. 5, 6, 7 and 8, it is urged that (1) neither the findings of the jury nor the evidence show any facts which would estop the association from asserting its defense that the property in question was located outside Erath County and within a house not insured by appellant; (2) that the policy, if any, was in violation of the constitution and by-laws of the association and there was no evidence that Stringer had any authority to waive any provisions of the constitution and by-laws; (3) that there was no evidence or jury finding of any long acquiescence, or custom, of writing policies of insurance on property outside Erath County sufficient to constitute a waiver by the association of such a violation of the provisions of its constitution and by-laws. In our opinion, these points present no reversible error. Under appellee's theory of the case, and the theory upon which the court rendered judgment, it was recognized that the provisions of the constitution and by-laws of the association were set out in and made a part of the policy, to the effect that the territory of the association was limited to Erath County and that no household goods should be insured by the association unless the building in which such household goods were located was also insured by the association. It is to be noted that this is not a case where there has been a misrepresentation of any material fact by the insured in its application for insurance.

■ It is our opinion that the theory of estoppel is supported by the facts. Stringer, the agent of the association, had knowledge of the true facts of the case. He had been informed of such facts by Mrs. Gilbreath. This knowledge acquired by the agent Stringer was imputed to the association. Republic Reciprocal Ins. Association v. Ewing, Tex.Civ.App., 27 S.W.2d 270 (Err. Ref.); Adams v. LaSalle Life Ins. Co., Tex.Civ.App., 99 S.W.2d 386; Southern Underwriters v. Davis, Tex.Civ.App., 129 S.W.2d 720 (Err. Dis.). Stringer, the agent and representative of appellant insurance association, with the above knowledge in his possession, represented to Mrs. Gilbreath that the association could and would insure the household goods even though they were not located in Erath County and were located in a house not insured by appellant association. The evidence supports the conclusion that appellee believed and relied upon such representation by Stringer and made application for and paid the premium for the policy of insurance in question; that the policy was issued by the association and received through the mail by appellee. The jury found, and the finding is supported by evidence, that such acts by the appellant association prevented appellee from obtaining other insurance on his property.

■ Under the circumstances, it is our opinion that the association was estopped from asserting its defense that the property was located in Comanche County and in a house not insured by the association, in violation of its constitution and by-laws. Wagner v. Westchester Fire Ins. Co., 92 Tex. 549, 50 S.W. 569; Boston Ins. Co. v. Rainwater, Tex.Civ.App., 197 S.W.2d 118; Washington Nat. Ins. Co. v. Brock, Tex. Civ.App., 60 S.W.2d 861 (Err.Ref.).

In the case of Liverpool & London & Globe Insurance Co. v. Ende, 65 Tex. 118, it is stated as follows:

"The insurer is estopped from setting up the breach of any condition of the

policy when at the time of its issue it knew that the condition was inconsistent with the facts, and the assured has been guilty of no fraud. * * * When the insurer issues a policy to the assured without any written application, containing conditions inconsistent with the risk, * * * it is estopped from setting up a breach of such conditions in defense to an action upon the policy."

In points Nos. 9 through 14, appellant urges numerous objections to the court's charge. We have examined the exceptions and find no reversible error. The exceptions deal principally with the claimed insufficiency of the evidence to support affirmative answers to such issues. As already indicated, we are of the opinion that the findings of the material fact issues of the case are supported by evidence. The fact findings which determine the disposition of the case are that appellant's agent Stringer, with knowledge of the true facts concerning the location of the property, etc., represented to appellee's wife that the association could and would insure their property; that appellee believed and relied upon the representation of such agent, applied for the insurance and paid the premium required therefor; that the association issued the policy and such action by the association and its agent prevented Gilbreath from obtaining other insurance on his property.

As pointed out by appellant in connection with special issue No. 4, in which the jury found that the association insured property situated outside of Erath County prior to March, 1948, the only evidence in support of the finding was that insurance on property outside of Erath County was issued by the association at a time some 30 years prior to March, 1948. This issue, in our opinion, was not an ultimate issue in the case. The judgment rendered was justified and required by the findings heretofore discussed. The manner of submission and the effect of the finding in issue No. 4 may be disregarded. The answer to issue No. 4, either one way or the other, could have no effect upon the judgment rendered.

The same is true concerning appellant's requested issues Nos. 2, 3, and 4, which inquired whether appellant association, during the year 1948 and for several years prior thereto, was accepting applications for and insuring household goods located in houses not insured by the association and also insuring property located outside Erath County. The issues were not controlling. Appellant's points Nos. 9 through 17 are overruled.

Appellee's witness, Ed Stringer, testified that he took applications for insurance as an agent of the appellant association during the year 1948. When asked on cross-examination by appellant's attorney if he was not familar with the provisions of the constitution and by-laws of the association to the effect that territory of the association was limited to Erath County, he testified as follows: "But he didn't give me no territory; didn't tell me not to go out of Erath County." Also, when asked on cross-examination about the provisions of the policy set out in the by-laws that the contents of buildings could not be insured except when the building was insured by the association, Stringer said: "Yes, Sir, but I had different instructions from the president."

In appellant's point No. 18 it is contended that the court erred in refusing to permit the president of the association to testify that he had instructed Ed Stringer and all other agents of the association not to write any applications for insurance on property situated outside Erath County. Appellee did not plead or offer evidence concerning any instructions to Ed Stringer by the president of the association. The testimony of Stringer concerning the lack of any instructions to sell insurance in Erath County only, was brought out by appellant's attorney on cross-examination, and the testimony of the president of the association was then offered to contradict or to overcome Stringer's testimony. Appellant submits no authorities or argument on the question but merely presents it as error.

The evidence sought to be introduced by appellant was an attempt to impeach

the witness Stringer on a collateral matter. In our opinion, the action of the court in sustaining objections to such testimony was not reversible error.

It is contended in appellant's point No. 19 that the court erred in rendering judgment against the association for $1,500 and in directing that execution issue thereon. Appellant points out that it is a mutual association; that its charter provides that it shall have no capital stock; that its constitution provides that all expenses shall be paid by pro rata assessment, and that the by-laws of the association provide that each member is bound and obligated to pay his portion of all expenses and loss accruing to the association. Appellant urges that if any judgment is proper against the association it should be for an amount of money not exceeding $1,500 with the direction that the officers of the association assess the members for their pro rata share of such loss and then pay over the funds received from such assessment to appellee.

The policy of insurance sued upon insured appellee's property for $1,500 and provided for the payment of three-fourths of all damages to the insured property provided the amount of insurance specified should equal such loss. The provision in this regard was as follows:

"And said association shall pay to the insured, within 30 days after the treasurer has received notice, three fourths of all damages to the property described in the policy (provided the amount of insurance herein specified shall equal such loss) by fire, lightning or wind storm of any description."

The value of the destroyed property was shown to be $2,771, and three-fourths of such value was more than the $1,500 for which the property was insured. The policy does not limit the obligation of the association to the levying of an assessment against its members but provides for a payment within 30 days after notice of the loss by the association to the assured of the amount provided. The point is overruled.

The judgment is affirmed.