**Walter H. BLANTON et al., Appellants,**

**v.**

**Faris AUSTIN, Appellee.**

**No. 143.**

Court of Civil Appeals of Texas.

Tyler.

June 10, 1965.

Joe P. Mathews, Dallas, for appellants.

Henry Stollenwerck, Sam S. Stollenwerck (on appeal only), Dalton, Moore, Forde & Joiner, Dallas, for appellee.

MOORE, Justice.

This is a suit seeking a partition of a stock certificate representing 50,000 shares of stock in Nabob Investments, Inc. The cause was submitted to the trial court upon an agreed statement of facts. A brief history of the facts leading to the controversy will be necessary. Appellee, Faris Austin, was formerly the wife of Ernest M. Austin, Jr., they having been married on the 30th day of August, 1956, and divorced on the 22nd day of March, 1962. During the time of their marriage, on October 28, 1960, Ernest M. Austin acquired Stock Certificate No. 1 of Nabob Investments, Inc., which was community property. The divorce decree did not divide any of the community property nor make any reference thereto. It is agreed, however, that prior to the entry of a final judgment of divorce, Faris Austin took and kept physical possession of various items of personal property of the community and that Ernest M. Austin, Jr. likewise took and kept physical possession of various items of personal property consisting of community property, including Stock Certificate No. 1 of Nabob Investments, Inc., which certificate showed on its face that Ernest M. Austin, Jr. was the owner thereof. Appellant, Walter H. Blanton, owned all of the remaining 50,000 shares in the company. It is agreed that Walter H. Blanton had actual and constructive knowledge of the fact that the Austins were married at the time the stock certificate was issued to Ernest M. Austin, Jr. Between March 11th and March 18th, 1964, Blanton purchased three judgments from the judgment creditors of Ernest M. Austin, Jr. totaling $3,050.67 for a cash consideration of $1,615.14, and on March 20th, Blanton caused the Sheriff of Dallas County to levy execution of the stock certificate; execution sale was held on March 31st at which Blanton purchased the certificate for the total amount of the judgments. The Sheriff delivered Blanton a Bill of Sale on April 7, 1964, and on the same date the stock was transferred on the books of the corporation to Blanton. Ernest M. Austin,

Jr., as plaintiff, then filed the present suit against Blanton for the purpose of setting aside the Sheriff's sale. Faris Austin first learned of the suit on July 21, 1964, and on the following day, July 22nd, shortly before noon, she filed her plea of intervention, alleging that the stock was the community property of she and her former husband, and since the same had never been divided, she was the owner of an undivided one-half interest therein, and prayed that the purported sale and transfer of the certificate be set aside and that she be awarded title and possession to one-half thereof. It is agreed that neither Blanton nor any of his attorneys had any notice of the filing of the plea of intervention until July 23rd. It is further agreed that shortly after the plea of intervention had been filed and at about 2:45 p.m. on the afternoon of July 22nd, a compromised settlement agreement between Ernest M. Austin, Blanton and Nabob Investments, Inc. had been signed and that Blanton had delivered to Austin a cashier's check in the amount of $2,500.00 in settlement. The settlement agreement provided in part that Austin agreed that Blanton was the sole owner, both legal and equitable, of Certificate No. 1 of Nabob Investments, Inc. At the same time Austin also placed his endorsement on the reverse side of the stock certificate and transferred the certificate and all shares represented thereby to Blanton.

Since all matters in controversy between Austin and Blanton had not been finally settled, the court severed that portion of the suit and the cause proceeded to trial only on the appellee's plea of intervention. After a hearing before the court, without the aid of a jury, the trial court rendered judgment decreeing that appellee, Faris Austin, recover one-half interest in Stock Certificate No. 1 of Nabob Investments, Inc., and that her interest therein be established in one-half of Stock Certificate No. 1 and that she be issued a stock certificate from Nabob Investments, Inc. correctly reflecting the 25,000 shares necessary to constitute her one-half of Stock

Certificate No. 1 and that same be placed upon the stock records of Nabob Investments, Inc.

Appellants Blanton and Nabob Investments, Inc. have perfected this appeal and contend by their first point of error that the judgment of the trial court should be reversed because the ownership, if any, which appellee had in the stock certificate was a mere equitable interest and appellant Blanton being a bona fide purchaser for value of the legal title in good faith without notice, her equitable interest passed to Blanton.

■ The record is before us without findings of fact or conclusions of law. In the absence of such, it is well settled that in a case tried without a jury, we must test the validity of the judgment upon the assumption that the trial court found every disputed fact in such a way as to support the judgment he rendered. Construction & General Labor Union, Local No. 688 v. Stephenson, 148 Tex. 434, 225 S.W.2d 958; Wilson v. Clarke Floor Machine Company, 380 S.W.2d 768, (Tex.Civ.App.).

The parties are in agreement on the proposition that where a husband and wife, owning community property, are divorced without the court in its decree having made any division of such property in the divorce decree, they become tenants in common in the property or joint owners thereof. Ex parte Williams, 160 Tex. 314, 330 S.W.2d 605; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102; Kirkwood v. Domnan, 80 Tex. 645, 16 S.W. 428.

■ As in the case of property of other kinds, the shareholder whose name appears on the stock certificate as the owner of the shares may hold the legal title as trustee, and the law recognizes the general principle that the legal title to shares may be in one person; that is, the holder of the stock certificate, whereas equitable ownership of all the shares, or a portion thereof, may be in another person. The whole beneficial interest in the shares may belong to others, or others may be beneficially interested with the registered owner or certificate holder, as where partnership shares are held in the name of one partner alone, or where one spouse holds shares for the other spouse as well as for herself. 14 T.J.S., Par. 154, p. 276, 277; Western Nat. Bank of Hereford v. Walker, 206 S.W. 544, (Tex.Civ.App.); Shear Co. v. Wilson, 294 S.W. 843, (Tex.Com.App.).

■ The delivery of a certificate to transfer title in accordance with the provision of the Uniform Stock Transfer Act, Art. 1358–1 et seq.[1], is effective despite the lack of authority, provided the certificate is transferred to a purchaser for value, in good faith, without notice of any facts making the transfer wrongful. The unexpressed converse is that a taker in bad faith, or without value, or with notice of an outstanding equitable title, is not protected. 14 T.J.S., Par. 188, p. 309, 310.

The transfer of the certificate representing the 50,000 shares of stock from Austin to Blanton for valuable consideration would be effective to defeat the claim of Mrs. Austin if Blanton was an innocent purchaser, without actual or constructive notice of her equitable title.

■ It was stipulated and agreed that appellant Blanton had actual or constructive knowledge of the fact that the Austins were married at the time the stock certificate was issued and same constituted a part of their community property. Appellant further admitted that he received a letter on September 6, 1963, from Mrs. Austin's attorney pursuant to a previous telephone conversation, requesting that in the event the property or any of the assets of the corporation in which Ernest M. Austin and Blanton were jointly interested be liquidated that he be notified on behalf of Mrs. Faris Austin so that the interest of Mrs. Austin and the children might be protected.

1. Now Vernon's Ann.Civ.St. art. 1302–6.01 et seq.

Knowledge of such facts would, in our opinion, be sufficient to suggest to appellant that Mrs. Austin, by claiming some interest in the assets of the corporation, owned the stock representing such interest, or at least were such as to require him to investigate. His failure to make inquiry to clear up such suspicious circumstances tends to impeach the good faith of his purchase. At least such evidence is thought to be sufficient to sustain the trial court's presumed finding that a reasonably prudent person could have acquired actual knowledge of the true facts by the exercise of due diligence. Freeman v. Pierce, 250 S.W. 778, (Tex.Civ.App.); Western Nat. Bank of Hereford v. Walker, supra; 14 T.J.S., Par. 189, p. 310.

■ Appellant not having been an innocent purchaser without notice of the outstanding equitable interest of Mrs. Austin, the rule applicable to such state of facts is that when one dealing with the apparent owner has notice of the rights of the true owner, he acquires no better title to the stock than the apparent owner can transfer. First Nat. Bank of El Paso v. Kerr, 225 S.W. 1106, (Tex.Civ.App.), citing cases.

Appellants by their second point contend that the conduct of appellee in allowing Mr. Austin to retain possession of the stock certificate, and by failing to pursue her legal remedies to gain possession of the stock certificate or request the company to make a transfer of her shares upon the books of the company was such conduct as to estop her from asserting her ownership therein.

■ The general rule is that if an owner of stock holds out another or allows him to appear as having full power of disposition thereof, an innocent transferee from such transferor is entitled to be protected as a bona fide holder, although the transferor exceeds his authority in making the sale or transfer. The basis of estoppel is deception and there can be no estoppel where the one who pleads it is not, in fact, deceived. The doctrine would not thus apply in favor of a purchaser who acted in bad faith, as where he obtained the stock with knowledge of circumstances sufficient to put him on inquiry as to the true facts. First Nat. Bank of Huntington Beach v. Van Horn, 2 S.W.2d 333, (Tex.Civ.App.); Shear Co. v. Wilson, supra.

■ By rendering judgment for the appellee, the trial court found in effect that appellant Blanton had actual or constructive knowledge of appellee's interest in the stock. Appellant was not deceived and therefore the defense of estoppel was not available to him. The second point of error is therefore overruled.

By the third and final point of error, appellants contend that Mrs. Austin never became the owner of any interest in the stock as a co-tenant because she and her husband prior to the divorce voluntarily partitioned the community property and he took the stock as a part of his share.

■ The only evidence on the question of partition is to be found in the stipulation wherein the parties agree that prior to the divorce they each took and kept some items of personal property and that Mr. Austin kept the stock certificate. There is no evidence that either of the parties ever voluntarily agreed or consented to this type of a division. There is no evidence that either of them intended to make a division of their property, nor is there any evidence that appellee ever knew of the existence of the stock certificate prior to the divorce. As we view the matter, there was no evidence of probative force raising the issue of voluntary partition and, therefore, the failure of the trial court to so find was not error.

The judgment of the trial court is affirmed.